■ GLADYS BRIGGS et al., Respondents, v. SPENCERPORT ROAD PLAZA, INC., Defendant, and LOBLAW'S, INC., Appellant.— Order unanimously reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: Plaintiffs sue to recover damages for personal injuries received by plaintiff wife when she fell in a store operated by defendant, Loblaw's, Inc., (herein Loblaw) in a shopping plaza owned by the codefendant. Plaintiffs' attorney obtained from one of Loblaw's employees who witnessed the accident,

a signed statement. Loblaw was denied a discovery and inspection thereof and appeals. Subdivision (e) of section 3101 of the Civil Practice Law and Rules provides that " A party may obtain a copy of his own statement." This provision " is designed to enable an examining party to obtain his own statements without the difficult burden of proving special circumstances, such as fraud or over-reaching on the part of the recipient of the statement — often an investigator from an opponent's insurance company. While there was no counterpart in the Civil Practice Act to subdivision (e), it is supported by recent decisions " (citing, among other cases, *Sacks* v. *Greyhound Corp.*, 18 A D 2d 747). (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.56.) If a party is entitled to receive a statement obtained by his adversary, we see no valid reason upon the present facts why this corporation should not be entitled to receive from plaintiffs the statement made by its employee. (Appeal from an order of Monroe Special Term denying motion requiring plaintiffs to produce and discover a statement.) Present — Bastow, J. P., Goldman, McClusky, Henry and Noonan, JJ.